(45 Misc. 415)

### RINES v. NEW YORK & BROOKLYN BREWING CO.

(Supreme Court, Appellate Term. November 10, 1904.)

1. MONEY RECEIVED—PRINCIPAL AND AGENT—ACTS OF AGENT.

Plaintiff's assignor, being indebted to defendant in the sum of $750, obtained a check for his accommodation, drawn to defendant's order, for $900, which was received for defendant in payment by its agent, H., who gave plaintiff's assignor his personal check for the difference; and defendant, with full knowledge that the payment by plaintiff's assignor exceeded the amount due, collected the check, and credited H. with the difference, upon his statement that he settled with plaintiff's assignor. H.'s check for the difference was dishonored. *Held*, that such facts did not justify an inference that plaintiff's assignor intended to transfer his claim for the difference between the checks against defendant to H., and to accept the latter's responsibility, and defendant, having relied on H.'s assertion that he had settled the claim for overpayment, was liable therefor.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action for money had and received by Irving Rines against the New York & Brooklyn Brewing Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Jay Noble Emley, for appellant.
Jacob M. Liebner, for respondent.

BISCHOFF, J. The plaintiff, assignee of the claim of one Marx, brought this action for money had and received upon the following state of facts: Marx owed the defendant $750, secured by a chattel mortgage, and paid off the obligation by a check for $900 drawn to the defendant's order by the Hudson County Consumers' Brewing Company. This check was received for the defendant by its agent, Habernicht, who gave Marx his personal check for the difference of $150; and the defendant, with full knowledge that the payment by Marx was excessive of the amount due, obtained the $900 upon the Hudson Company's check, and credited Habernicht with the difference, upon his statement that he had settled with Marx. Habernicht's check was not honored, and the plaintiff has recovered judgment upon Marx's claim for $150 against the defendant.

There is no question of the status of the parties as to the $900 check. It was drawn to the defendant's order for the plaintiff's assignor's accommodation, and so accepted by the defendant. The drawer had no interest in the defendant's application of the proceeds, and, in legal effect, the situation is the same as though Marx paid the defendant

$900 in cash. Marx accepted the agent's check, but the means of payment of the defendant's debt failed when payment of the check was refused, and the demand against the defendant still subsisted. Porter v. Talcott, 1 Cow. 359. The facts do not support the inference that Marx intended to transfer his claim against the defendant to Habernicht, and to accept the latter's responsibility. There was no implied release of the defendant, and its reliance upon Habernicht's assertion that he had settled the claim for the overpayment of $150 was, of course, an attitude assumed at its own risk.

The plaintiff was entitled to a recovery, and the judgment is therefore affirmed, with costs. All concur.